UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID GALLATIN,<br><br>            Plaintiff,<br><br>    v.<br><br>MCGRATH RENTCORP, JOSEPH F. HANNA, NICHOLAS C. ANDERSON, KIMBERLY A. BOX, SMITA CONJEEVARAM, WILLIAM J. DAWSON, ELIZABETH A. FETTER, and BRADLEY M. SHUSTER,<br><br>            Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>JURY TRIAL DEMAND |

      Plaintiff David Gallatin ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

      1.    Plaintiff brings this action against McGrath RentCorp ("McGrath" or the "Company") and McGrath's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to WillScot Mobile Mini Holdings Corp. through its wholly-owned subsidiaries Brunello Merger Sub I, Inc. and Brunello Merger Sub II, LLC (collectively "WillScot").

      2.    Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "S-4") to be filed with the Securities and Exchange Commission ("SEC") on April 8, 2024. The S-4 recommends that McGrath stockholders vote in favor of a proposed transaction (the "Proposed Transaction")

1

whereby McGrath is acquired by WillScot. The Proposed Transaction was first disclosed on January 29, 2024, when McGrath and WillScot announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which WillScot will acquire all of the outstanding shares of common stock of McGrath for $123.00 or 2.8211 shares of WillScot common stock for each share of McGrath common stock (the "Merger Consideration"). The deal is valued at approximately $3.8 billion and is expected to close in the second quarter of 2024.

3. The S-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the S-4 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by McGrath management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), McGrath's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the S-4 with the SEC or otherwise causing an amendment to the S-4 to be disseminated to McGrath's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to McGrath's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of McGrath.

6. Defendant McGrath is a corporation organized and existing under the laws of the State of California. The Company's principal executive offices are located at 5700 Las Positas

Road, Livermore, California 94551-7800. McGrath common stock trades on NASDAQ under the ticker symbol "MGRC."

7. Defendant Joseph F. Hanna has been President and CEO of the Company and a director of the Company since 2017.

8. Defendant Nicolas C. Anderson has been a director of the Company since 2022.

9. Defendant Kimberly A. Box has been a director of the Company since 2018.

10. Defendant Smita Conjeevaram has been a director of the Company since 2021.

11. Defendant William J. Dawson has been a director of the Company since 1998.

12. Defendant Elizabeth A. Fetter has been a director of the Company since 2014.

13. Defendant Bradley M. Shuster has been a director of the Company since 2017.

14. Defendants Hanna, Anderson, Box, Conjeevaram, Dawson, Fetter, and Shuster are collectively referred to herein as the "Board" or "Individual Defendants."

15. Nonparty WillScot Mobile Mini Holdings Corp. is a Delaware corporation with its principal executive offices located at 4646 E Van Buren St., Suite 400, Phoenix, Arizona 85008. WillScot Mobile Mini Holdings Corp. common stock trades on Nasdaq under the ticker symbol "WSC."

16. Nonparty Brunello Merger Sub I, Inc. is a California corporation and a wholly owned subsidiary of WillScot Mobile Mini Holdings Corp.

17. Nonparty Brunello Merger Sub II, LLC is a Delaware limited liability company and is a wholly owned subsidiary of WillScot Mobile Mini Holdings Corp.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

21. McGrath rents provides mobile office trailers, portable classrooms, prefabricated restrooms, and other modular buildings for rent, lease or sale. Other products rented to businesses include electronic test equipment like oscilloscopes and spectrum analyzers, as well as portable storage containers. In 2023, the Company earned $841.3 million in revenues, with a gross profit of $103.4 million.

22. On January 28, 2024, the Company entered into the Merger Agreement with WillScot.

23. According to the press release issued on January 29, 2024 announcing the Proposed Transaction:

**WillScot Mobile Mini to Acquire McGrath RentCorp for $3.8 Billion, Enhancing Its Position as the North American Leader in Turnkey Space Solutions**

*60% Cash and 40% Stock Transaction Provides McGrath RentCorp Shareholders with $123 Per Share and Upside through Approximately 12.6% Stake in Combined Company*

4

*Significant Near-Term Synergies Expected Given WillScot Mobile Mini's Track Record of Integrating Acquisitions and Exceeding Identified Synergy Targets*

*Strong Financial Profile, with Combined 2023 Revenues of $3.2 Billion and Adjusted EBITDA of $1.4 Billion[1], including Expected $50 Million in Run-Rate Operating Synergies*

*Expecting to Generate Approximately $700 Million of Annual Free Cash Flow[2] by End of the First Full Year Following Closing*

*Joint Conference Call Today at 8:00 a.m. ET to Discuss Details of the Transaction*

**PHOENIX, AZ and LIVERMORE, CA (January 29, 2024)** – WillScot Mobile Mini Holdings Corp. ("WillScot Mobile Mini" or the "Company") (Nasdaq: WSC), a leader in innovative temporary space solutions, today announced it has entered into a definitive agreement to acquire McGrath RentCorp ("McGrath") (Nasdaq: MGRC), a leading business-to-business rental company based in Livermore, California. The acquisition will enhance WillScot Mobile Mini's position as a North American leader in turnkey space solutions with a complementary geographic footprint and a more diversified platform, providing enhanced value across key customer segments.

McGrath is a leading provider of temporary and permanent space solutions throughout the United States. This complements WillScot Mobile Mini's broad North American footprint and 80-year history as an innovative space solutions provider. The combined company will serve more than 85,000 customers, who will benefit from expanded distribution of Value-Added Products and Services enabling turnkey space solutions, as well as further commercial and operating synergies from the combined branch resources and infrastructure. The combined sales organization and customer base will also have access to the broadest offering of space solutions and supporting operational expertise available in the industry today. The Company expects that the combination will be accretive to earnings per share within twelve months post-closing, based on the Company's successful track record of integrating acquisitions.

"I'm excited to welcome the McGrath team to the WillScot Mobile Mini family," said Brad Soultz, Chief Executive Officer of WillScot Mobile Mini. "The transaction will further accelerate our growth, with combined 2023 pro forma revenue of $3.2 billion and adjusted EBITDA of $1.4 billion[1], we will be on path to achieve a $700 million free cash flow run-rate twelve months after we close. Meanwhile, our $1 billion of idiosyncratic growth levers remain in flight, many of which will increase proportionally with the close of the transaction. Among the abundant stockholder benefits associated with this transaction, I am most excited with the prospect of extending our innovative and expansive Value-Added Products portfolio, and our unique FLEX, Cold Storage and Clearspan Space Solutions to McGrath customers. Our long-term capital

5

allocation framework remains unchanged as we continue to accelerate our robust organic growth with highly accretive M&A, all the while creating long-term value for our shareholders."

"This combination provides McGrath customers and employees a platform for continued growth and success, while providing McGrath shareholders with immediate cash value as well as participation in the upside potential of the combined company," said Joseph Hanna, President and Chief Executive Officer of McGrath. "This transaction validates the strength of our business, the hard work and dedication of our team members and the valuable solutions McGrath provides to our customers. For more than 40 years, we have pursued a relentless customer-centric approach and we look forward to extending our ability to provide the solutions that our customers so highly value."

**Compelling Strategic and Financial Rationale**

Benefits of the transaction include:

- **Highly complementary businesses with diversified customer segments:** The acquisition brings together two complementary businesses, enhancing diversity across customer segments. The combined company's broad offering, attractive unit economics and long rental durations underpin its uniquely predictable recurring cash flow profile. On a pro forma basis, approximately 90% of combined total revenue is derived from leasing and related services, while the addition of Enviroplex expands WillScot Mobile Mini's permanent modular capabilities.

- **Operating synergies with a high confidence of realization:** $50 million of run-rate operating synergies expected to be achieved within 24 months of closing. Confidence in targets reinforced by WillScot Mobile Mini's long history of successful M&A integrations.

- **Increased scale allowing accelerated rollout of growth initiatives**: The combined customer base and rental fleet represent an expanded platform for the rollout of WillScot Mobile Mini's strategic levers, such as Value-Added Products and Services, cross-selling and commercial best practices, and operations excellence. Together, these provide a clear path to multiple years of sustained growth and margin expansion.

- **Strong financial position underpins reinvestment in growth:** The combined company's strengthened financial profile, enhanced cash generation and de-leveraging capability, and disciplined capital allocation amplify WillScot Mobile Mini's ability to reinvest in growth and compound returns.

The combined company will have a strengthened financial profile, with combined 2023 revenues of $3.2 billion and adjusted EBITDA of $1.4 billion[3], including run-rate operating synergies. The combined company expects to capture additional

6

revenue synergies and fleet efficiencies through its combined commercial and branch operations and by leveraging WillScot Mobile Mini's best-in-class technology platform.

WillScot Mobile Mini expects the combined company will generate approximately $700 million of annual free cash flow by end of the first full year following closing, with significant further accretion to free cash flow margins over time.

**Transaction Details**

McGrath shareholders will receive for each of their shares either $123.00 in cash or 2.8211 shares of WillScot Mobile Mini common stock, as determined pursuant to the election and allocation procedures in the merger agreement under which 60% of McGrath's outstanding shares will be converted into the cash consideration and 40% of McGrath's outstanding shares will be converted into the stock consideration. The transaction values McGrath at an enterprise value of $3.8 billion, including approximately $800 million of net debt, and the per-share consideration represents a premium of 10.1% to McGrath's closing stock price on January 26, 2024.

McGrath shareholders will participate in the significant value-creation opportunity from the transaction through approximately 12.6% ownership stake in the combined company and its track record of value creation through synergy realization. McGrath shareholders will also benefit from a tax-free reorganization under IRC Section 368 for the stock portion of the merger consideration.

WillScot Mobile Mini has secured committed financing for the transaction by way of a $1.75 billion senior secured bridge credit facility ("Bridge Facility"), which along with borrowings under WillScot Mobile Mini's ABL revolving credit facility ("ABL Facility") will fund the cash portion of the purchase price and the repayment of McGrath's outstanding debt. In addition, WillScot Mobile Mini has secured commitments to upsize its existing $3.7 billion ABL Facility by $750 million to $4.45 billion.

WillScot Mobile Mini is committed to deleveraging and expects to achieve pro forma net leverage within the Company's target range of 3.0x – 3.5x within 12 months post-closing.

**Path to Completion**

All directors for the respective Boards of WillScot Mobile Mini and McGrath adopted and approved the transaction. The transaction is expected to close in the second quarter of 2024 and is subject to approval by McGrath shareholders, regulatory approvals and other customary closing conditions.

[1] Based on midpoints of guidance for each company. Adjusted EBITDA unburdened for stock-based compensation, transaction costs, and other non-

recurring expenses.

² Calculated as cash flow from operating activities less Net CapEx. Excludes any purchase accounting impact.

³ Based on midpoints of guidance for each company. Adjusted EBITDA unburdened for stock-based compensation, transaction costs, and other non-recurring expenses.

**The Materially Incomplete and Misleading S-4**

24. On April 8, 2024, Defendants filed the S-4 with the SEC. The purpose of the S-4 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25. The S-4 discloses management-prepared financial projections for the Company which are materially misleading. The S-4 indicates that in connection with the rendering of Goldman Sachs's fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts" for WillScot and McGrath as prepared by their respective managements. Goldman Sachs also reviewed "certain financial analyses and forecasts for WillScot" prepared by the management of McGrath. Accordingly, the S-4 should have, but failed to, provide certain information in the projections that were provided to the Board and Goldman Sachs.

26. Notably, the S-4 fails to disclose the line items underlying the calculation of McGrath Adjusted EBITDA, McGrath Adjusted EBIT, and Unlevered Free Cash Flow for McGrath. The S-4 also fails to disclose the line items underlying the calculation of Combined Company Adjusted EBITDA, Combined Company Adjusted EBIT, and Unlevered Free Cash

Flow for the combined company. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Financial Analyses*

27. With respect to the *Illustrative Discounted Cash Flow Analysis—McGrath Standalone,* the S-4 fails to disclose the calculated terminal values. In addition, the S-4 fails to disclose the inputs and assumptions underlying the selection of discount rates of 8.0% to 9.0% and the selection of perpetuity growth rates of 4.1% to 5.6%. The S-4 further fails to disclose McGrath's net debt as of December 31, 2023, as well as the number of fully diluted outstanding shares of McGrath as of December 31, 2023.

28. With respect to the *Illustrative Discounted Cash Flow Analysis—Pro Forma Combined Company,* the S-4 fails to disclose the calculated terminal values. In addition, the S-4 fails to disclose the inputs and assumptions underlying the selection of discount rates of 9.0% to 10.5% and the selection of perpetuity growth rates of 4.1% to 6.2%. The S-4 further fails to disclose the pro forma combined company's net debt as of December 31, 2023, as well as the number of fully diluted outstanding shares of the combined company as of December 31, 2023.

29. With respect to the *Illustrative Present Value of Future Share Price Analysis—McGrath Standalone,* the S-4 fails to disclose the calculated enterprise values for 2024 and 2025. In addition, the S-4 fails to disclose McGrath's forecasted net debt as of December 31, 2024 and December 31, 2025, as well as the projected number of fully diluted outstanding shares of McGrath as of December 31, 2024 and December 31, 2025. The S-4 further fails to disclose the calculated range of implied future values. Finally, the S-4 fails to disclose the inputs and assumptions underlying the selection of a discount rate of 9.6%.

30. With respect to the *Illustrative Present Value of Future Share Price Analysis—Pro

*Forma Combined Company,* the S-4 fails to disclose the calculated enterprise values for the combined company for 2024 and 2025. In addition, the S-4 fails to disclose the pro forma combined company's forecasted net debt as of December 31, 2024 and December 31, 2025, as well as the projected number of fully diluted outstanding shares of the pro forma combined company as of December 31, 2024 and December 31, 2025. The S-4 further fails to disclose the calculated range of implied future values. Finally, the S-4 fails to disclose the inputs and assumptions underlying the selection of a discount rate of 12.2%.

31. With respect to the *Selected Precedent Transactions Analysis*, the S-4 fails to disclose McGrath's net debt as of December 31, 2023, as well as the number of fully diluted outstanding shares of McGrath as of December 31, 2023.

32. With respect to the *Premia Paid Analysis—Undisturbed Closing Stock Price*, the S-4 fails to disclose the target and acquiror for each of the 15 selected transactions, the enterprise value of each transaction, and the date of each transaction. The S-4 also fails to disclose the premiums for each transaction.

33. Finally, *Premia Paid Analysis—52-Week High Stock Price*, the S-4 fails to disclose the target and acquiror for each of the 48 selected transactions, the enterprise value of each transaction, and the date of each transaction. The S-4 also fails to disclose the premiums for each transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

34. The S-4 also fails to disclose material information concerning the sales process. For example, the S-4 fails to disclose whether services other than financial advisor or underwriting services were provided by Goldman Sachs to McGrath or WillScot in the two years prior to January 28, 2024. In addition, Goldman Sachs began advising McGrath in October 2021, yet the S-4 is

silent as to whether Goldman Sachs received compensation for services provided to McGrath or WillScot prior to January 28, 2022.

35. The S-4 further fails to disclose the exact amount of compensation that Goldman Sachs will receive for acting as McGrath's financial advisor. The S-4 notes that the fee is "estimated, based on information available at the date of the announcement" of the Proposed Transaction, yet the conditions that would alter the fee have not been disclosed. The S-4 also fails to disclose the impact of such conditions on the amount of the fee.

36. The S-4 states that WillScot intends to continue to employ "certain executive officers of McGrath" after the Proposed Transaction closes. Yet it was only on December 22, 2023 that the Transaction Committee instructed McGrath's senior management not to discuss employment or compensation matters with WillScot without the Transaction Committee's authorization. The S-4 does not disclose if the Transaction Committee provided that authorization, which employees were authorized to discuss employment or compensation matters with WillScot, or the nature of any discussions that had taken place up to that point in time.

37. McGrath's management presented updated five-year financial projections to the Board on June 7, 2023. The S-4 fails to disclose these projections and how they differ from those provided in the S-4. Similarly, updated financial projections were presented to the Board on September 15, 2023, November 29, 2023, yet the S-4 does not disclose these projections nor in what ways they differ from those projections disclosed in the S-4.

38. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff was not fully informed as to the defendants' actions, including those that may have been taken in bad faith,

and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

39. In addition, the Individual Defendants knew or recklessly disregarded that the S-4 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

40. Specifically, the Individual Defendants undoubtedly reviewed the contents of the S-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the S-4 omits the material information referenced above and contains the incomplete and misleading information referenced above.

41. Further, the S-4 indicates that on January 28, 2024, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to McGrath stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been omitted from the S-4, and thus knew or should have known that such information has been omitted.

42. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. Defendants have filed the S-4 with the SEC with the intention of soliciting McGrath stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the S-4, which fails to provide the material information referenced above.

45. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of McGrath, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

46. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

47. Specifically, and as detailed above, the S-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of McGrath shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion; and (iii) the sales process.

48. Moreover, in the exercise of reasonable care, the Individual Defendants knew or

13

should have known that the S-4 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the S-4 states that Goldman Sachs reviewed and discussed its financial analyses with the Board during various meetings including on January 28, 2024, and further states that the Board considered Goldman Sachs's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the S-4, rendering the sections of the S-4 identified above to be materially incomplete and misleading.

49. The misrepresentations and omissions in the S-4 are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

50. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of McGrath within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of McGrath and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the S-4 filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the S-4 and other statements alleged by Plaintiff to be misleading prior to the time the S-4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The S-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the S-4.

54. In addition, as the S-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The S-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

55. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by

their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the S-4 with the SEC or otherwise disseminating an amendment to the S-4 to McGrath stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the S-4;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys 'and expert fees and expenses; and

F.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 18, 2024                  **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*